# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| DAVID MOSURE<br>686 Saddlebrook Drive<br>Youngstown, Ohio 44512<br><br>And<br><br>KRISTEN KOVAL<br>686 Saddlebrook Drive<br>Youngstown, Ohio 44512<br><br>Plaintiffs<br><br>vs.<br><br>SOUTHWEST AIRLINES, CO.<br>c/o The Prentice Hall Corporation<br>System, Inc., Statutory Agent<br>3366 Riverside Drive, Suite 103<br>Upper Arlington, Ohio 43221<br><br>And<br><br>JOHN/JANE DOES NOS. 1-10<br>*True Names and Addresses Unknown*<br><br>Defendants | CASE NO._____<br><br>JUDGE:_____<br><br>**COMPLAINT FOR DAMAGES**<br><br>**(JURY DEMAND ENDORSED HEREON)** |

Now come Plaintiffs, David Mosure and Kristen Koval, by and through counsel, and state as their Complaint against the Defendants the following:

## JURISDICTION AND VENUE

1. Jurisdiction is conferred upon this Court and invoked pursuant to 28 U.S.C. §§1331 and 1332(a). Plaintiffs timely filed suit in Mahoning County Court of Common Pleas (Mahoning County Court of Common Pleas Case No. 2022 CV 00147) on January 28, 2022 and voluntarily dismissed said Complaint on June 6,

1

2022. Supplemental jurisdiction over any state law claims is conferred by 28 U.S.C. ¶1367.

2. At all relevant time to Plaintiffs' claims, Plaintiffs resided within this judicial district; a substantial part of the events, actions and conduct giving rise to the claims began and were committed in this judicial district rendering venue appropriate in the United States District Court, Northern District of Ohio, Eastern Division pursuant to 29 U.S.C. §1391.

## PARTIES

4. At all times relevant hereto, Plaintiffs, David Mosure ("Plaintiff Mosure") and Kristen Koval ("Plaintiff Koval") resided as husband and wife at 686 Saddlebrook Drive, Boardman Township, Mahoning County, State of Ohio.

5. Defendant, Southwest Airlines, Inc. (hereinafter, "Southwest"), is a Texas corporation registered to do business as a foreign for-profit corporation entity in the State of Ohio, and at all times relevant to this Complaint, conducted business in Mahoning County, Ohio and throughout the State of Ohio.

6. Plaintiffs are informed and believe and therein allege that the fictitiously-named Defendants sued as John/Jane Does Nos. 1-10 (hereinafter referred to as "John/Jane Does 1-10") are persons, partnerships or corporations whose identity(ies) could not be readily ascertained despite the exercise of due diligence, but whose conduct contributed to the injury of Mr. Mosure. The Plaintiffs will amend or supplement this Complaint to allege the true names and capacities of such fictitiously-named Defendants when the same have been more identified through the discovery process.

2

**FACTS**

7. Plaintiff Mosure and Defendant Southwest conducted and consummated a business transaction in which Plaintiff Mosure purchased roundtrip air travel tickets for he and his wife, Plaintiff Koval from his home in Mahoning County in the State of Ohio through Defendant Southwest's internet website.

8. Plaintiff Mosure's air travel with Defendant Southwest would depart from Pittsburgh, Pennsylvania and arrive at Fort Lauderdale-Hollywood International Airport.

9. On January 29, 2020, Plaintiff Mosure boarded his return flight (Southwest Flight 1079) at Fort Lauderdale-Hollywood International to Pittsburgh upon an aircraft owned, leased, operated and/or controlled by Defendant Southwest.

10. Plaintiff Mosure was a passenger upon Defendant Southwest's aircraft as it departed from the State of Florida.

11. Plaintiff Mosure and Plaintiff Koval took seats in the first row of the aircraft on the right side of the plane. Plaintiff Mosure placed his wife's carry-on bag in the overhead storage compartment above their first row seats as these seats had no available storage directly below them on the floor and no storage area available directly in front of them or on the partition in front of their seats.

12. During the flight, Plaintiff Mosure unbuckled his seat belt and retrieved his wife's carry-on bag from the overhead storage compartment at her request.

13. Later in Plaintiffs' flight, the Captain of the aircraft announced that due to expected turbulence, all passengers should return to their seats and buckle in their safety belts.

14. Defendant John Doe, a flight attendant employed by Southwest, ordered Plaintiff Mosure to return Plaintiff Koval's carry-on bag to the overhead storage compartment, as Plaintiffs' first row seat did not have available storage directly below them on the floor and no storage area available directly in front of them or on the partition in front of their seats.

15. Despite his concerns over the Captain's previous order to buckle in their safety belts, Plaintiff Mosure followed the flight attendant's order to return Plaintiff Koval's carry-on bag to the overhead storage compartment.

16. While placing Plaintiff Koval's carry-on bag in the overhead storage compartment, Defendant Southwest's aircraft encountered turbulence and Plaintiff Mosure was thrown into a seat armrest and onto the aisleway floor, suffering immediate injuries to his neck, back and torso.

**FIRST CAUSE OF ACTION**
**(Negligence of Defedant Southwest)**

17. Plaintiffs incorporate Paragraphs 1 through 16 of this Complaint as if fully written herein.

18. A special relationship existed between Plaintiffs Mosure and Koval, and Defendant Southwest, wherein the Plaintiffs entrusted themselves and their possessions to the protection and safety of not only Defendant Southwest, but also

the pilots and flight attendants staffing said flight on behalf of Defendant Southwest.

19. Defendant Southwest was a common carrier as defined by law.

20. Defendant Southwest owed a duty to exercise the highest degree of care consistent with the practical operation of its Plaintiffs' return flight from Florida to Pittsburgh, Pennsylvania on Defendant Southwest's aircraft.

21. Defendant Southwest owed a duty to exercise a reasonable degree of care to safely transport its passengers, including Plaintiff Mosure and Plaintiff Koval, and protect them while in transit on its' aircraft.

22. Defendant Southwest owed a duty to warn passengers, including Plaintiff Mosure, against dangerous known conditions or reasonably ascertainable by Defendant Southwest.

23. Defendant Southwest breached its aforementioned duties to its passengers, including Plaintiff Mosure, by ordering him to store all bags (specifically Plaintiff Koval's purse) in the overhead storage compartments during an announced period of turbulence while airborne.

24. While properly following the order of Defendant's flight attendant, Plaintiff Mosure did not expect to have to protect himself from injury.

25. As a direct and proximate result of Defendant Southwest's negligence, Plaintiff Mosure suffered serious personal injuries to his neck, back and torso, permanent injuries to his neck, back and torso, was required to seek (and continues to seek) medical care, suffered (and continues to suffer) loss of wage compensation loss of opportunity to continue gainful employment, loss of future earnings, and pain and suffering, all of which will continue into the future.

## SECOND CAUSE OF ACTION
### (Negligence of Defendant John Doe No. 1 Flight Attendant)

26. Plaintiff incorporates Paragraphs 1 through 25 of this Complaint as if fully written herein.

27. A special relationship existed between Plaintiffs Mosure and Koval, and Defendant Southwest, wherein the Plaintiffs entrusted themselves and their possessions to the protection and safety of not only Defendant Southwest, but also the pilots and flight attendants staffing said flight on behalf of Defendant Southwest.

28. Defendant Southwest was a common carrier as defined by law.

29. Defendant Southwest and Defendant John Doe No. 1, a flight attendant employed by Defendant Southwest owed a duty to exercise the highest degree of care consistent with the practical operation of its Plaintiffs' return flight from Florida to Pittsburgh, Pennsylvania on Defendant Southwest's aircraft.

30. Defendant John Doe No. 1 owed a duty to exercise a reasonable degree of care to safely transport Defendant Southwest's passengers, including Plaintiff Mosure and Plaintiff Koval, and protect them while in transit on its' aircraft.

31. Defendant John Doe No. 1 owed a duty to warn Defendant Southwest's passengers, including Plaintiff Mosure, against dangerous known conditions or reasonably ascertainable by Defendant Southwest.

32. Defendant John Doe No. 1, as a flight attendant employed by Defendant Southwest, breached his aforementioned duties to Defendant Southwest's passengers, including Plaintiff Mosure, by ordering him to store all bags (specifically Plaintiff Koval's carry-on bag) in the overhead storage compartments

during an announced period of turbulence while airborne.

33. While properly following the order of Defendant John Doe No. 1 flight attendant, Plaintiff Mosure did not expect to have to protect himself from injury.

34. As a direct and proximate result of Defendant John Doe No. 1's negligence, Plaintiff Mosure suffered serious personal injuries to his neck, back and torso, suffered permanent physical injuries to his neck, back and torso, was required to seek (and continues to seek) medical care, suffered (and continues to suffer) loss of his ability to continue gainful employment, loss of future earnings, and pain and suffering, all of which will continue into the future.

### THIRD CAUSE OF ACTION
### (Loss of Consortium)

35. Plaintiffs incorporates Paragraphs 1 through 34 of this Complaint as if fully written herein.

36. Plaintiff, Kristen Koval, at all times relevant to the events set forth in this Complaint, is the spouse of Plaintiff David Mosure.

37. As a direct and proximate result of the negligence of Defendant Southwest and Defendant John/Jane Does Nos. 1-10, Plaintiff Koval suffered loss of companionship, consortium and services of Plaintiff Mosure, and will suffer the loss of companionship, consortium and services of Plaintiff Mosure in the future.

**WHEREFORE,** Plaintiffs David Mosure and Kristen Koval, on all the Causes alleged herein, pray for judgment against Defendant Southwest Airlines Co, and Defendant John/Jane Does Nos. 1-10, jointly and severally, in an amount in

7

excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), along with costs, interest from the date of the injuries suffered herein, attorney fees and all other appropriate relief as determined by this Court.

Respectfully submitted,

*/s/ John A. McNally, IV*
**JOHN A. McNALLY, IV (#0067328)**
JOHN A. MCNALLY, III, CO., LPA
100 East Federal Street, Suite 600
Youngstown, Ohio 44503
Phone:   330-717-2072
E-mail:  Johnmcnally7853@gmail.com
ATTORNEYS FOR PLAINTIFF

## JURY DEMAND

Plaintiffs David J. Mosure and Kristen K. Koval hereby demand a trial by jury of all issues so triable.

*/s/ John A. McNally, IV*
**JOHN A. MCNALLY, IV (#0067328)**
Attorney for Plaintiffs

8